

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable E. P. Jennings
County Auditor
Hardin County
Kountze, Texas

Dear Sir:

Opinion No. O-1720
Re: Amount of attorney's fees
payable under an attorney's con-
tract with an independent school
district concerning delinquent
taxes

In your letter of request you advise that
an independent school district entered into a con-
tract with an attorney for the collection of delin-
quent taxes, agreeing to pay him the interest and
penalties on delinquent taxes collected as compensa-
tion for his services. You request our opinion as
to what amount should be paid the attorney when the
interest and penalties on a collection exceed 15%.

The applicable statutes are Articles 7343 and
7335, Revised Civil Statutes, 1925, and Article 7335a,
Vernon's Civil Statutes. Since the main point involved
in our question has been passed upon by the Supreme
Court in a recent case, we deem it unnecessary to quote
the above statutes.

In the case of Bell v. Mansfield Independent
School District, 129 S. W. (2d) 629, the district had
contracted to pay Bell 20% of all amounts collected un-
der a delinquent tax contract. The Supreme Court, in
an opinion by Judge Hickman, there held that the per-
centage payable to an attorney under such a contract
with an independent school district could not exceed
15%, and that the contract involved in that case was,
for that reason, void. We construe Article 7335a, Ver-
non's Civil Statutes, in the light of the above opinion,
as limiting the amount payable to an attorney under such

a contract with an independent school district to a maximum of 15% of each individual tax, penalty and interest collection.

In construing contracts courts will read existing laws into the same unless it clearly appears that the contrary was intended by the parties. Gulf Production Company v. Cruse, 271 S. W. 886 by the Commission of Appeals; Trinity Portland Cement Co. v. Lion Bonding and Surety Company, 229 S. W. 483, by the Commission of Appeals; 10 Texas Jurisprudence 316.

From your letter we are assuming that there is no clear provision in the contract that more than 15% will be paid when the penalties and interest exceed that amount. In favor of the validity of the contract, therefore, we believe that the limitation of 15% will be read into the contract in question.

Our answer to your question is that the attorney should be paid 15% of the amount of the collection in the case to which you refer.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Glenn R. Lewis*

Glenn R. Lewis
Assistant

GRL:LW

APPROVED DEC 1, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN